The PEOPLE OF the STATE OF NEW YORK, Respondent,

v.

**Robert TAYLOR, Petitioner.**

No. 76 Civ. 1377.

United States District Court, S. D. New York.

April 23, 1976.

Mario Merola, Dist. Atty. Bronx County, New York City, for respondent; Stephen R. Bookin, Asst. Dist. Atty., New York City, of counsel.

Robert J. Saltzman, New York City, for petitioner; Lewis E. Alperin, New York City, of counsel.

### OPINION

EDWARD WEINFELD, District Judge.

Robert Taylor, under indictment in the Supreme Court of the State of New York, Bronx County, for murder and for burglary in the second degree, removed the prosecution of his case to this court pursuant to 28 U.S.C., section 1443. His petition for removal alleges only that the state denied him "equal protection of the law and due process of law as defined by the Constitution of the United States of America in that after having been assigned counsel to represent [him] as an indigent person that said counsel was denied, after proper application, daily transcripts of the impending trial as an indigent person" by virtue of an administrative order of the Bronx Supreme Court, which provides that an indigent defendant is not entitled to daily transcripts during the course of trial, while, petitioner alleges, such transcripts are available to those who can afford to pay for them. The state now moves to remand the case to the

state court pursuant to 28 U.S.C., section 1447(c).

■ Petitioner in effect seeks to overcome the force of *Younger v. Harris*[1] and its progeny. Essentially, under our system of federalism, state court prosecutions should not be enjoined by or removed to the federal courts, absent express authorization. Beyond the broad principles of "equity, comity and federalism," which underlie the Supreme Court's decision in *Younger*, is the basic premise expressed later by the Court in *Doran v. Salem Inn, Inc.*[2] "that state courts are fully competent to adjudicate constitutional claims, and therefore a federal court should, in all but the most exceptional circumstances, refuse to interfere with an ongoing state criminal proceeding."

Petitioner, recognizing that the right of removal under 28 U.S.C., section 1443 is severely restricted, argues that his situation meets the two-prong test stated by the Supreme Court in *Georgia v. Rachel.*[3] The Court there held that to effect removal under section 1443, a petitioner must show "both that the right upon which [he relies] is a 'right under any law providing for * * * equal civil rights,' and that [he is] 'denied or cannot enforce' that right in the [state] courts."

■ To satisfy the first criterion the petitioner must assert a cause of action under "a federal law 'providing for specific civil rights stated in terms of racial equality.'"[4] Plaintiff argues that he has met this stringent test upon a claim that his petition is grounded on 42 U.S.C., section 1981, which provides:

"All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens . . ."

However, the administrative order of which petitioner complains is applicable without distinction as to race, color or religion to all indigent defendants. There is no showing that he is treated differently from white persons or that the order is invidiously discriminatory. It applies equally to all indigent defendants on trial in criminal cases.

Thus, petitioner does not state a cause of action under 42 U.S.C., section 1981 to warrant removal of his action to this court pursuant to 28 U.S.C., section 1443. Furthermore, he has failed to satisfy the second criterion for removal under section 1443 since he has not demonstrated that he is unable to fully enforce the constitutional rights he asserts in his petition in the state courts.[5]

Accordingly, the state's motion to remand the action to the state court is granted.

1. 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).

2. 422 U.S. 922, 930, 95 S.Ct. 2561, 2567, 45 L.Ed.2d 648, 659 (1975).

3. 384 U.S. 780, 788, 86 S.Ct. 1783, 1788, 16 L.Ed.2d 925, 931 (1966).

4. *Johnson v. Mississippi,* 421 U.S. 213, 219, 95 S.Ct. 1591, 1595, 44 L.Ed.2d 121, 128 (1975).

5. Since this action is not properly before this court, we do not consider the question of whether a constitutional right to a daily trial transcript attaches when one is placed on trial in a criminal case.